# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re: Chase R. Kerrey and Sarah Kerrey,

          *Debtors*.

Chase R. Kerrey,
Sarah Kerrey,

          *Plaintiffs*,

      v.

U.S. Department of Education,
Edfinancial Services LLC,

          *Defendants*.

Case No. 26-12834-amc

Adv. No. 26-00176-amc

Chapter 7

**First Amended Complaint to Determine Dischargeability of Student Loan Debt**

Plaintiffs Chase R. Kerrey and Sarah Kerrey, through their attorney, bring this adversary proceeding against the Defendants to determine that their student loan debt is dischargeable, and in support allege as follows:

### Introduction

1.     The Kerreys owe roughly $349,000 on federal student loans they cannot repay. They are raising three children on about $11,391 per month and spend nearly all of it on necessities like rent and food, plus close to $2,000 per month for Sarah's ongoing medical care. In a normal month the family has less than sixty dollars to spare.

2.     The Bankruptcy Code makes student loans nondischargeable unless repayment would impose an undue hardship on the debtor and the debtor's dependents. Repaying these loans would impose exactly that hardship on the Kerreys and their children, so they ask the Court to declare the loans dischargeable.

## Jurisdiction

3.      The Kerreys filed a voluntary petition in this Court for relief under chapter 7 of the Bankruptcy Code on July 2, 2026. The case was docketed as number 26-12834-amc and remains pending.

4.      The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

5.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

6.      The Kerreys consent to the entry of a final order by the Court.

7.      Venue is proper under 28 U.S.C. § 1409.

## Parties

8.      The Kerreys are married and live at 236 Clamar Avenue, Havertown, PA 19083. They are the debtors in the underlying case and the plaintiffs here.

9.      Defendant United States Department of Education (the "Department") holds the student loans at issue. Its principal place of business is at 400 Maryland Avenue SW, Washington, DC 20202.

10.     Defendant Edfinancial Services LLC ("Edfinancial") services those loans for the Department. Its principal place of business is at 120 North Seven Oaks Drive, Knoxville, TN 37922.

## The Student Loans

11.     Sarah borrowed federal student loans to pay for her education, including graduate study at Northern Arizona University. In or about May 2014 she consolidated those loans into a single federal Direct Consolidation Loan, which the Department holds and Edfinancial services. On the petition date that loan's balance was about $186,943.

12.     Chase likewise borrowed federal student loans for his education, including graduate study at Grand Canyon University and Ottawa University. In or about July 2019 he consolidated those loans into a single federal Direct Consolidation Loan, which the Department holds and Edfinancial services. On the petition date that loan's balance was about $162,360.

13.     Together the two loans (the "student loans") totaled about $349,303 on the petition date. Both are loans made, insured, or guaranteed by a governmental unit. *See* 11 U.S.C. § 523(a)(8)(A)(i).

### The Kerrey Family and its Household Budget

14.     The Kerreys live together with their three dependent children, ages 18, 15, and 8.

15.     Sarah works at The Children's Hospital of Philadelphia. Her gross pay is about $5,157 per month.

16.     Chase is a professional counselor. He practices through Kerrey & Associates Professional Counseling and the Headway platform; together he collects gross receipts of about $4,234 per month.

17.     The Kerreys also receive about $2,000 per month in voluntary support from Chase's father, but that support is not assured and may end.

18.     The Kerreys' combined gross income is about $11,391 per month. After about $1,850 in payroll taxes and withholdings, and their reasonable and necessary expenses of about $9,485 per month, roughly $56 remains.

19.     Nearly $2,000 of the monthly expense is medical and dental care, most of it for Sarah's continuing treatment.

**The Hardship**

20.     On this budget the Kerreys cannot both meet their family's basic needs and pay $349,000 in student loans. A required payment would come at the expense of food, housing, or Sarah's medical care.

21.     Their circumstances will not improve soon. Sarah's condition requires ongoing treatment and continuing expense, and it limits her ability to earn more.

22.     Chase's income has fallen sharply. He earned about $166,198 in 2024 and about $171,512 in 2025, but only about $24,083 from January 1, 2026, through June 30, 2026.

23.     The roughly $2,000 in monthly help from Chase's father is a stopgap the family cannot count on.

24.     The Kerreys have tried in good faith to repay. Both have stayed current through income-driven plans and approved forbearances, and neither loan has ever gone into default.

**Count I**
**Discharge of Student Loans for Undue Hardship**
**11 U.S.C. § 523(a)(8)**

25.     The Kerreys incorporate paragraphs 1 through 24 above as if fully set forth here.

26.     Section 523(a)(8) excepts the student loans from discharge unless repayment would impose an undue hardship on the Kerreys and their dependents.

27.     Repayment would impose an undue hardship on the Kerreys because they cannot maintain a minimal standard of living for themselves and their children if they are forced to repay; their inability to repay will persist for much of the loans' repayment period; and they have made good-faith efforts to repay.

28.     The student loans are therefore dischargeable under 11 U.S.C. § 523(a)(8).

## Request for Relief

The Kerreys request that this Court enter judgment:

A.      determining and declaring that the student loans owed to the Defendants are dischargeable in their entirety under 11 U.S.C. § 523(a)(8);

B.      in the alternative, determining that such portion of the student loans as the Court finds equitable is dischargeable;

C.      awarding them costs of this proceeding to the extent permitted by law; and

D.      granting such other and further relief in their favor if necessary and proper under the law.

Date: July 17, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Plaintiffs*

By: _____
Michael I. Assad (#330937)
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law